UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALAA ALKABI,

    Plaintiff,

v.                                                   Case No. 07-13540
                                                 Honorable Patrick J. Duggan

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICE,[1]

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 18, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff Walaa AlKabi filed this *pro se* action in response to the United States Citizenship and Immigration Service's delay in processing her naturalization application. Presently before the Court is the agency's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to remand this matter to the United States Citizenship and Immigration Services ("CIS") for

---

[1] Although Plaintiff, in her *pro se* complaint, names the Immigration and Naturalization Service ("INS") as the defendant, the naturalization function previously handled by the INS is now handled by the United States Citizenship and Immigration Service ("CIS"). Thus the Court *sua sponte* amends the case caption to reflect the proper defendant.

1

a determination on Plaintiff's naturalization application. CIS' motion has been fully briefed. On December 18, 2007, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the following reasons, the Court grants in part and denies in part the motion.

## I. Factual and Procedural Background

Plaintiff, a permanent resident of the United States, filed an application for naturalization on July 25, 2005. (Def.'s Mot. Ex. A ¶ 5.) On January 30, 2006, a CIS officer interviewed Plaintiff. (*Id.* ¶ 6.) Plaintiff subsequently was informed that, although she passed the English basic proficiency and United States history and government tests, a decision on her application could not be made until the FBI completed a security name check. (Compl. at 1 & Ex. 1.) Although CIS submitted a name check request to the FBI on or around August 3, 2005, CIS, as of November 13, 2007, has not received any results from the FBI. (Def.'s Mot. Ex. A ¶ 9.)

In response to CIS' continued delay in rendering a decision on her naturalization application, Plaintiff initiated this lawsuit on August 22, 2007. On November 13, 2007, CIS filed the pending motion to dismiss or, in the alternative, to remand.

## II. CIS' Motion to Dismiss

CIS seeks dismissal of Plaintiff's lawsuit, arguing that the Court lacks subject matter jurisdiction to resolve Plaintiff's claims. Specifically, CIS argues that the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b), confers subject matter

jurisdiction upon a district court to adjudicate a naturalization application only after the FBI completes its background check of the applicant. Section 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the *examination* is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) (emphasis added). CIS argues that the "examination" referred to in Section 1447(b) is the investigative process as a whole, including the FBI's security check. Thus according to CIS, the 120-day period does not begin to run until the FBI completes this check.

CIS cites several decisions in which courts have held that an "examination" is not completed, and the 120-day period in Section 1447(b) is not triggered, until sometime after the FBI completes its background check. *See, e.g., Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443-44 (E.D. Va. 2005) (holding that "an examination is not a single event, but instead is essentially a process the agency follows to gather information concerning the application."); *Damra v. Chertoff*, No. 05-0929, 2006 WL 1786246 (N.D. Ohio June 23, 2006) (unpublished opinion); *Kassemi v. DHS*, No. 06-1010, 2006 WL 2938819 (D.N.J. Oct. 13, 2006) (unpublished opinion); *Kitilya v. Gonzales*, No. 06-1328-VBF (C.D. Cal.

3

Mar. 27, 2007).[2]

Nonetheless, the majority of courts, including this Court in *Al Saleh v. USCIS*, No. 06-13372, 2007 WL 925693 (E.D. Mich. Mar. 28, 2007) and *Al-Mohammed v. USCIS*, No. 07-10732, 2007 WL 2004866 (E.D. Mich. July 9, 2007), have concluded that the term "examination" in Section 1447(b) refers to the agency's initial interview of the applicant. *See, e.g., Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836 (E.D. Mich. 2006) (cases cited therein); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679 (W.D. Pa. 2005) (cases cited therein); *Zhang v. Chertoff*, No. 05-72121, 2006 WL 4045600 (E.D. Mich. Feb.1, 2006) (unpublished opinion); *Mahmood v. Jenifer*, No. 05-40154, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005) (unpublished opinion); *Al-Saidi v. Jenifer*, No. 05-71832, 2005 WL 5179147 (E.D. Mich. Dec. 23, 2005) (unpublished opinion). These courts, including this Court in *Al-Mohammed* and *Al-Saleh*, reject CIS' arguments for several reasons.

First, Section 1447(b) confers jurisdiction on the district court if the agency fails to make a determination "before the end of the 120-day period after the *date* on which the

---

[2]CIS also contends that its interpretation of the term "examination" is subject to *Chevron* deference, and, therefore, pursuant to this highly deferential standard, the Court should defer to the agency's interpretation of its own statute. *See Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 104 S. Ct. 2778 (1984). Under *Chevron*, the Court must "defer to an agency's reasonable interpretation of a statute it administer unless 'the intent of Congress is clear.'" *Hamama v. INS*, 78 F.3d 233, 239 (6th Cir. 1996) (quoting *Chevron*, 467 U.S. at 842, 104 S. Ct. at 2781)). For the reasons set forth below, this Court, like the majority of district courts, concludes that the term "examination" in Section 1447(b) clearly refers to the applicant interview, and, as such, CIS' interpretation is not entitled to *Chevron* deference. *See* discussion *infra*.

4

examination is *conducted*." 8 U.S.C. § 1447(b) (emphasis added). This language implies "that the examination occurs on a particular, identifiable, date." *El-Daour*, 417 F. Supp. 2d at 681. Therefore, the "examination" referred to in the statute is not a "process," as CIS argues, because a "'process' does not occur on one particular identifiable date." *Id.* Second, the preceding section of the INA, 8 U.S.C. § 1446, indicates that the investigative process is separate from the examination. *Daami v. Gonzales*, No. 05-3667, 2006 WL 1457862, at *5 (D.N.J. May 22, 2006) (unpublished opinion). Third, CIS' regulations contemplate a distinction between the examination and the investigation and reflect the agency's interpretation that the 120-day period in Section 1447(b) begins to run from the date of the initial examination. *Khelifa*, 433 F. Supp. 2d at 841. For example, 8 C.F.R. § 335.3(a) states in part: "A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2." And, contrary to the *Danilov* court's reading, 8 C.F.R. § 335.2(b) requires CIS to conduct the initial examination *only after* the FBI completes its criminal background check of the applicant. "By referring separately to the FBI background check and the 'initial examination,' and mandating that the former must be completed before the latter will be conducted, this provision plainly contemplates that the background check is independent from, as to a part of, the "examination" . . .". *Khelifa*, 433 F. Supp. 2d at 841. In one recent case, *Al-Ghanem v. Gonzales*, No. 06-320, 2007 WL 446047, slip op. at *10 n. 13 (D. Utah Feb. 7, 2007), CIS acknowledged that 8 C.F.R. § 335.2(b) requires CIS to conduct the initial examination only *after* the FBI

5

completes its criminal background check of the applicant.

For the above reasons, this Court concludes that the initial interview of the naturalization applicant triggers the 120-day period set forth in Section 1447(b). In this case, Plaintiff's initial interview occurred on January 30, 2006, more than 120-days before she filed her complaint. Accordingly, the Court holds that it has subject matter jurisdiction to adjudicate her claims. Nevertheless, Section 1447(b) grants district courts the discretion to either adjudicate the naturalization application in the first instance or remand the matter to CIS to render an initial decision.

## III. CIS' Motion to Remand

In almost every case cited previously in which the district court exercised subject matter jurisdiction over the naturalization applicant's lawsuit, the court nevertheless declined to decide the application in the first instance, choosing instead to remand the matter to CIS for prompt resolution. *See, e.g., Walji*, 500 F.3d at 439; *Khelifa*, 433 F. Supp. 2d at 844-45. One district court provided the following reasoning for declining to render the initial adjudication of the plaintiff's naturalization application:

> . . . a district court, like the USCIS, is not in a position to decide an application for naturalization until the FBI completes the required criminal background investigations. A district court is not equipped to conduct such an investigation to determine if an applicant present any risk to national security or public safety. *El-Daour*, 417 F. Supp. 2d at 684. To conduct a hearing without the completion of a background check "would contravene Congress' intent that an FBI background [check] is to be completed prior to the adjudication of every naturalization application." *Essa v. U.S. Citizenship & Immigration Service*, No. 05-1449, 2005 U.S.

6

Dist. LEXIS 38803, at *8 (D. Minn. Dec. 14, 2005).

*Shalabi v. Gonzales*, No. 04-866, 2006 WL 3032413, at *4 (E.D. Mo. Oct. 23, 2006) (unpublished opinion). This Court agrees that it lacks the necessary expertise to make the initial assessment as to whether Plaintiff meets all of the various criteria for naturalization.

CIS argues that if the Court grants its motion to remand, it should do so without setting a date certain for the determination of Plaintiff's naturalization application. CIS contends that a court-imposed deadline would lead to a rushed and incomplete background check and adjudication. In *Al-Mohammed*, this Court concluded that it was necessary to set a specific deadline for CIS to make a decision on the plaintiff's application because the delay already had been lengthy (over four years) and CIS had rescinded a previous policy to request expedited security checks from the FBI for cases in which a lawsuit had been filed. 2007 WL 2004866, at *4. The Court also set a specific deadline in *Al-Saleh*, even though the length of the delay in that case was not as long. 2007 WL 925693, at *3. In *Al-Saleh*, the plaintiff's initial examination occurred on January 18, 2006, only twelve days before the date Plaintiff was interviewed. The Court therefore remands Plaintiff's naturalization application to CIS to make a decision on the application and directs CIS to render its decision within 120 days of the date of this Opinion and Order.

Accordingly,

**IT IS ORDERED,** that CIS' motion to dismiss is **DENIED;**

**IT IS FURTHER ORDERED,** that CIS' motion to remand is **GRANTED** and the Court remands this matter to CIS to make a decision on Plaintiff's naturalization application within 120 days of the date of this Opinion and Order.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:  
Walaa AlKabi  
6217 Bingham Street  
Dearborn, MI   48126

AUSA Derri T. Thomas